ALABAMA & VICKSBURG RAILWAY CO. *v.* A. B. LOWE.

1. RAILROADS. *Suit by parent for death of child. Exclusion of competent evidence. Curative effect of offer to admit.*

   The exclusion of competent evidence does not constitute reversible error, where, on the subsequent withdrawal of the objection, the trial court, in rectification of its action, consents to the introduction of the same, and the party by whom the evidence was offered, when thus afforded full and seasonable opportunity to introduce it, declines to avail of the offer, on the ground that it would be fruitless, in view of the fact that the evidence had already been pronounced incompetent in the hearing of the jury.

2. SAME. *Death resulting from negligence. Evidence of negligence. Peremptory instruction for defendant. When properly refused.*

   In an action against a railway company for damages for negligently running over and killing plaintiff's child, it is proper to refuse a peremptory instruction for the defendant where there is evidence to the effect that the train by which the injury was caused was, at the time, being run on and across frequented streets, in a densely populated part of the city, at a high rate of speed, and without due caution being used in keeping a lookout in turning a sharp curve on which the view was obstructed, and, on which account, danger was constantly to be apprehended: for such evidence goes to the question of negligence, and should be submitted to the jury.

3. SAME. *Contributory negligence. Negligence of plaintiff's servant.*

   Although the nurse having charge of two small children, one of whom is the victim of the subsequent disaster, may attempt to

take them across a railway track, after she sees the smoke of the engine and becomes aware of the approach of a train, she is not necessarily guilty of contributory negligence; and if there is evidence going to show that the train was then several hundred feet away, and she had ample time in which to have safely and prudently made her way across, notwithstanding the rapidity with which the train was being run, and her failure to do so was attributable to a sudden and alarming outcry and commotion in the crowd around her, by which she was so terrified and confused as to become incapable of action, the finding of the jury against the fact of contributory negligence should not be disturbed.

4. SAME.  *Right of way.  Company's right to a clear track.  Qualification thereof.*

Railway companies have a right to a clear track only when acting within the limits of their legal rights, and an instruction recognizing the right that ignores this essential qualification is erroneous, in a case where there is evidence going to show a use of the track in violation of law.

FROM the circuit court of the first district of Hinds county.

HON. J. B. CHRISMAN, Judge.

Action by a father to recover damages for the death of his infant daughter.

The injury complained of in this case occurred at a crossing in a populous portion of the city of Jackson, and on one of its most frequented streets, several of which the track crosses in that portion of the city.  At the point in question the track is laid in the middle of and along one of the streets that runs at right angles with those that it crosses.  Between this point and the next cross street to the east thereof, there is a decided curve in the track, and the train that caused the injury, which was behind time, approached around this curve at what numerous witnesses for the plaintiff declared to be a high rate of speed— that is to say, from fifteen to twenty miles an hour.  The witnesses for the plaintiff further testified that no alarm was given by ringing the bell or blowing the whistle, and that the defendant's servants in charge of the train were not keeping a proper lookout in coming around the curve; that when the train was

still three or four hundred feet east of the point where she stood, and she saw the smoke of the engine and knew that it was approaching, the nurse of plaintiff's two children, an old colored woman, attempted to cross with the children from the north to the south side of the street, in the middle of which the track lay, in order to see some performing bears, which had drawn quite a crowd to the spot; that the nurse carried the younger of the children in her arms, and held by the hand the elder, who was a little girl of only three years of age; that when she had reached and was standing on the track, there was an outcry that the bears had gotten loose, and considerable excitement and commotion in the crowd, with people calling to her to get off the track, that the train was coming, and she became too terrified and bewildered to do anything; that at this juncture a negro man, William Hulitt, sprang out of the crowd and dragged the nurse, with the infant that she carried, from the track, but the little girl she was leading, notwithstanding Hulitt's second effort to save her also, was run over by the train and instantly killed; and that the nurse had ample time, after starting, to have crossed the track with the children before the passing of the train, and would have done so in safety but for the sudden alarm into which she was thrown.

The defendant adduced evidence in conflict with a great part of the foregoing.   On the cross examination of the plaintiff, he was interrogated by defendant's attorney as to the age at which children became a help and source of income to their parents instead of an expense.   Plaintiff's counsel objected to this line of inquiry, and, the objection being sustained, the defendant excepted.   After the recess taken by the court for dinner, the plaintiff's counsel withdrew the objection, and offered to allow the examination to proceed, the court agreeing thereto, when the defendant's attorney declined to do so, for the reason that the court, in the presence and hearing of the jury, had pronounced the evidence not competent, and the examination would be fruitless.

The court gave the following instruction for plaintiff, which was objected to by defendant:

"2. If the jury believe from the evidence that, at time and place of the accident in question, the defendant's train was being run at an unlawful rate of speed, and that the death of the plaintiff's child was caused by the negligence of defendant's servants in charge of the train, then, plaintiff is entitled to recover, unless the nurse in charge of the child failed to use reasonable care and caution, and such failure directly contributed to the injury; and, in determining whether she was guilty of contributory negligence, the jury may consider the situation in which she then was, and judge of her conduct in the light of all the facts and circumstances surrounding her at the time."

The court refused to grant a peremptory instruction in favor of the defendant, and also refused the following instructions asked by defendant:

"6. There was no imperative duty on the part of the engineer, even if he saw the nurse and child approaching the track, to stop the train, and wait for the woman to cross the track with the child. He had the right to believe, and act on that belief, that she was competent, and saw the moving train, and would wait for it to pass; and, though the jury may believe from the evidence that the train was moving more than six miles an hour, yet, if they believe from the evidence that the woman in charge of the child approached the track from a point where she might have had an unobstructed view of the railroad, and might have known, or did know, of the approach of the train in sufficient time to avoid any injury from it by waiting for it to pass, the plaintiff cannot recover in the cause, and the jury will find for the defendant.

"7. If the jury believe from the evidence that plaintiff's nurse saw the train, and attempted to cross in front of it, or neglected to look out for it, when it could have been seen by her for a distance of four hundred feet from the place where the child was struck, she was guilty of contributory negligence,

and her negligence is imputable to the plaintiff, the father of the child, and they will find for the defendant.

"8. At street crossings, while the rights of the public and a railroad company are concurrent, the railroad company has the right of way, and the right to a clear track for the passage of its trains, and, when a person knowingly about to cross the track at a street crossing, approaches it from a point where he or she may have an unobstructed view of the railroad, and knew of the approach of a train in sufficient time to clearly avoid an injury from it, he or she cannot recover, as a matter of law, although the company may have been negligent in performing a statutory requirement, or otherwise."

Exceptions were reserved to the action of the court in refusing these instructions. There were a verdict and judgment in favor of plaintiff for $2,250, and the defendant appealed.

*Nugent & McWillie,* for the appellant.

First, were the acts and conduct of the nurse such as to constitute contributory negligence; and, second, considering this negligence of the nurse, ought it to be imputed to the father of the child who is here suing for damages because of its being killed. In treating these questions. we assume that the train was going more than six miles an hour. Contributory negligence is the want of ordinary care to avoid injury from the act of another, and when one has failed to use such care, he is denied the right to recover, because the law will not undertake to apportion the blame between the wrongdoers. *Railroad Co.* v. *McGowan,* 62 Miss., 682. This was adjudged to be the law in a case where the code section was invoked against the railroad company. Section 3546 of the code of 1892 does not deprive the railroad company of this defense. *Crawley* v. *Railroad Co.,* 70 Miss., 340; *Railroad Co.* v. *Stroud,* 64 *Ib.,* 784; *Railroad Co.* v. *McGowan,* 62 *Ib.,* 682.

In this case the facts establish the contributory negligence of the nurse under the decisions of this court. *Jobe* v. *Railroad*

*Co.*, 71 Miss., 740; *Crawley* v. *Railroad Co.*, *supra; Railroad Co.* v. *Lee*, 71 Miss., 895. An apt illustration can be found in the case of *Sherry* v. *Railroad Co.*, 104 N. Y., 652. See, also, *Norman* v. *Railroad Co.*, 111 N. C., 236. It is difficult to conceive of a case in which one could have been more negligent, and the bare statement of the facts is sufficient. It may be true that the nurse was alarmed by the surging crowd, and confused to a degree, but this cannot alter the question. She was negligent in undertaking to cross while the train was, to her knowledge, approaching. The truth is, she stopped on the track to look at the bears, and, being apprehensive that they were loose, stood still near the southern rail awaiting developments, and lost sight of the train she had seen.

But it is insisted on behalf of appellee that the negligence of the nurse cannot be imputed to the father, and *White* v. *Railroad Co.*, 72 Miss., 12, is relied on as authority for the position. It is claimed that, because the child, had she not been killed, could or might have brought the suit, the father stands in her shoes, and may recover also. The case at bar is distinguished from the one cited, by the fact that here the death was instantaneous. In *Railroad Co.* v. *Cook*, 63 Miss., 38, it was said that the parent may sustain an action for injuries resulting in death for the time between the injury and death, and from the nature of the question there presented it impliedly follows that there can be no recovery by the parent where death is instantaneous, and there is no such intervening period. Section 663 of the code of 1892 is a precise rescript of § 1510 of the code of 1880 then in force. See, also, *Meyer* v. *King*, 72 Miss., 1.

The nurse, who lived north of the scene of the injury, took the two small children, leading one and holding the other in her arms, and went along the street and over the crossing, to look at the bears south of the railroad, and around which a crowd had assembled, while the train was approaching. No better demonstration of incompetency could be given. She stood *in loco parentis* for the time, and the question must be considered

from the standpoint of the legal presence of the appellee. Had he, and not the nurse, led the child in front of the locomotive, no one could or would contend that any recovery could be had, and the difference between such conduct and that of the nurse is scarcely appreciable. In *Glassey* v. *Railroad Co.*, 57 Pa. St., 172, it was held that though an infant of tender years may recover for an injury partly caused by her own imprudence, the father cannot. See, also, 48 Ill., 221; 19 Am. & Eng. Ry. Cas., 342; 16 S. W. Rep., 800; 104 Mo., 648. But the precise question has been settled upon the most satisfactory grounds. In *Schlenks* v. *Pacific Ry. Co.*, 23 S. W. Rep., 589, it was held that the negligence of a nurse, through which a child in her charge is injured, is imputable to the parents of the child. See, also, *Bamberger* v. *Citizens' Street Ry. Co.*, 31 S. W. Rep., 3 (8 Ala., 371), where the father had left his child with its grandmother, and she had intrusted it to its aunt, and, because the aunt allowed the child to stray off and get into danger, the defendant had judgment. In this case, *Westbrook* v. *Railroad Co.*, 66 Miss., 560, is cited, among other authorities. See, also, *Railroad Co.* v. *Gravett*, 20 S. E. Rep., 551, and *Railroad Co.* v. *Snyder*, 24 Ohio St., 670.

The verdict will doubtless be taken as establishing the fact that the train was running somewhat in excess of six miles an hour; but the statute fixing that maximum rate of speed in municipalities does not attach absolute liability if the statute is violated, nor afford protection if the statute is not, when the environments forbade a greater rate of speed.

The infancy of an injured party does not change the degree of care and diligence required of a railroad company in the management of its trains. *Barmon* v. *Railroad Co.*, 24 Mo., 108. Nor are railroad companies, as a matter of law, bound to stop a train upon seeing a child on the track when in the charge of an adult person. *Railroad Co.* v. *Morgan*, 82 Pa. St., 131, s. c. 16 Am. & Eng. Ry. Cas., 89. The following cases sustain this position fully, and treat the accident in such

cases as unavoidable: *Crystal* v. *Railroad Co.*, 11 N. E. Rep., 380; *Railroad Co.* v. *Davis*, 29 N. E. Rep., 425, 428; *Burns* v. *Railroad Co.*, 11 N. Y. S., 741. The peremptory instruction asked by defendant should have been granted.

The sixth, seventh and eighth instructions asked by the defendant should not have been refused. Certainly the sixth was unobjectionable. The natural presumption is that a person nearing the track when a train is approaching, will stop to let it pass. And, under such circumstances, when a person *sui juris* sees the train and knows it is coming, and yet goes ahead to his own undoing, he ought not to recover. It is only in cases of apparent danger, not otherwise avoidable, that a railroad company must stop its trains. *Lesan* v. *Railroad Co.*, 23 Am. & Eng. Ry. Cas., 245; *Bunting* v. *Railroad Co.*, 6 *Ib.*, 282; *Rigler* v. *Railroad Co.*, 26 *Ib.*, 386.

The seventh correctly stated the law. If the nurse saw the train, as she did, and attempted to cross in front of it, that was contributory negligence on her part, and it is imputable to the plaintiff. 71 Miss., 895; 68 Ill., 368; 71 Miss., 734; 52 *Ib.*, 808; 21 Am. Ry. Rep., 336; 88 Ill., 441; 28 Ind., 287; 65 Pa. St., 269; 27 Ind., 513; 72 Pa. St., 169; 40 Ind., 545; 28 Am. & Eng. Ry. Cas., 597; 15 *Ib.*, 403; 34 *Ib.*, 76; 39 La. An., 796; 60 Texas, 205.

The eighth was fully warranted by authority, and should have been given. *Zimmerman* v. *Railroad Co.*, 2 Am. & Eng. Ry. Cas., 191; *Railroad Co.* v. *Harston*, 95 U. S., 697; *Railroad Co.* v. *Hart*, 87 Ill., 529; *Flecher* v. *Railroad Co.*, 64 Mo., 484; *Ib.*, 480.

The damages in a case like this are largely prospective, and necessarily committed to the discretion of the jury upon very vague and uncertain data, but it was improper for the court below to refuse to allow the defendant to show by the plaintiff, on cross examination, at what age children cease to be a source of expense and become one of income, since the damages recoverable are of a pecuniary nature, and there must have been

a reasonable expectation of benefit from the life of the deceased child.

*Brame & Alexander*, for the appellee.

1. We think the evidence showed quite clearly that the train was running at a greater rate of speed than six miles an hour, and that the servants of defendant in charge of it failed to sound the whistle and ring the bell in crossing the streets, as required by law. Code 1892, § 3547. Independently of the statutory requirements as to speed and signals, it is the duty of a railroad company, in running its trains through much frequented places, to observe due care to prevent accidents. ''The greater the danger, the greater the caution required.'' *Railroad Co.* v. *French*, 69 Miss., 121. It was the duty of the defendant, in addition to observing the statutory requirements as to speed and signals, to keep a proper lookout. 4 Am. & Eng. Enc. L., p. 931, § 21, and authorities cited. The negligence of defendant was clearly shown.

2. The nurse was not guilty of contributory negligence. She was not a trespasser in crossing the railway track where it ran down the middle of a public street. While she saw the smoke of the engine, and was aware of the approach of the train, the location of the smoke, and such observation of the train as she had, showed her that the train was five or six hundred feet to the eastward, and, as she says, she ''had plenty of time to get across.'' In the absence of any signal of danger, or other fact indicating to her that the law was being violated, she had the right to assume that the train would not run over these crossings at a dangerous or excessive speed, or more rapidly than six miles an hour, and in acting on this assumption cannot be said to have been guilty of contributory negligence. *Insurance Co.* v. *Railway Co.*, 70 Miss., 119; *Sullivan* v. *Railway Co.*, 117 Mo., 314; *McGowan* v. *Railroad Co.*, 62 Miss., 682.

The sudden, alarming outcry and commotion that occurred when she had reached the roadbed, was what prevented her safe

passage across the track, and the confusion and terror into which she was thrown do not constitute negligence, nor will the consequences of the accident be visited upon her, instead of the real wrongdoer, in view of this independent intervening cause that prevented the safe accomplishment of her purpose. 159 Mass., 493; *Hoffmeister* v. *Railroad Co.*, 160 Pa., 568; *Railway Co.* v. *Watkins*, 26 S. W. Rep., 760; Beach on Con. Neg., § 186; 55 Am. & Eng. Ry. Cas., 255; 116 N. Y., 470; 72 Wis., 530; 97 Ala., 165; 60 Wis., 323.

The proof of contributory negligence must be clear and decisive. *Valin* v. *Railroad Co.*, 55 Am. & Eng. Ry. Cas., 247, 250, 258; 22 *Ib.*, 391; *Nesbitt* v. *Greenville*, 69 Miss., 22; *Railroad Co.* v. *Ives*, 144 U. S., 408; *O'Mara* v. *Railroad Co.*, 38 N. Y., 445.

When the negligence which contributes directly to causing the injury occurs after the danger in which the party has placed himself by his own negligence is, or, by the exercise of reasonable care, may be discovered by the defendant in time to avert the injury, the defendant is liable. *Werner* v. *Railroad Co.*, 81 Mo., 368; Patterson's Ry. Ac. L., § 56; *McGuire* v. *Railroad Co.*, 46 La., 1543; *Lay* v. *Railroad Co.*, 106 N. C., 404; 28 Am. & Eng. Ry. Cas., 589; *Jamison* v. *Railroad Co.*, 63 Miss., 33; *Kent* v. *Railroad Co.*, 67 Miss., 608; *Elmsley* v. *Railroad Co.*, 10 So. Rep., 41 (Miss.).

In the case of *Fulmer* v. *Railroad Co.*, 68 Miss., 325, it was held that, if in a populous town a detached car is sent on a flying switch rapidly and in violation of law, and one is injured on a crossing, proof of contributory negligence not being clear, it is error to instruct for defendant. This decision was in the absence of any statute against flying switches. In that case, as in the case of *Sullivan* v. *Railroad Co.*, 117 Mo., 314, the court said: "The plaintiff might assume that the railroad company would not run its engines and cars in a populous town in flagrant disregard of law." See, also, *Railroad Co.* v. *Summers*, 68 Miss., 566; *Railroad Co.* v. *Turner*, 71 Miss., 402.

Of course, we are aware that, while it is negligence *per se* to violate the statute as to the rate of speed or signals in running trains, this does not take away the defense of contributory negligence, unless, as was here shown, the injury is occasioned by the employees of defendant after knowing of the dangerous position of the injured person, or unless there was such a wilful violation of the law and disregard of the risk to human life as to indicate recklessness or wantonness. The cases cited by the appellant on this head do not really apply to the different state of facts disclosed by the case under review. Under the circumstances, a special obligation was imposed upon the defendant's employees to keep a lookout for persons, and to have the train under control, to guard against accidents. No such lookout was kept, and the train was running at a rapid and unlawful rate of speed, without signals. This amounted to recklessness, if not wantonness. *Railroad Co.* v. *O'Hara*, 150 Ill., 580; *Winters* v. *Railroad Co.*, 99 Mo., 509; *Anderson* v. *Railroad Co.*, 42 Minn., 490; *Hays* v. *Railroad Co.*, 70 Tex., 602.

Recurring to the intervening and independent cause of the accident, it may be stated that one suddenly and unexpectedly confronted by peril cannot be expected to exercise the best judgment. *Railroad Co.* v. *Davis*, 69 Miss., 444; *Hutchinson* v. *Railroad Co.*, 19 Am. & Eng. Ry. Cas., 280; 64 N. Y., 130. "Where the injury can be traced to defendant's negligence as its primary cause, concurrence of an outside cause will not relieve the defendant of liability." Patterson's Railway Accident Law, § 39. See, also, 1 Sherman on Neg., § 39; Cooley on Torts, top page 823; 60 Wis., 141; Buswell on Personal Injuries, 144.

The fact that the engineer did not see the child in time to stop, affords no defense. That view of the matter ignores the negligence of the employees in failing to see. *Home Insurance Co.* v. *Railway Co.*, 70 Miss., 119; *Railway Co.* v. *Suddoth*, *Ib.*, 265.

The appellant cannot object to the refusal of the court below to allow its counsel to inquire of plaintiff as to the trouble and expense it would be to raise a child, and things of that kind, for two reasons: (1) When the objection was withdrawn and permission was given to pursue the inquiry, defendant's counsel declined to avail of it; (2) the motion for new trial did not raise the point that the verdict was excessive, nor is it raised now in this court.

WOODS, J., delivered the opinion of the court.

The first and second assignments of error are without merit. These go to the action of the court in sustaining the appellee's objection to evidence going to show at what age the child killed would have become a source of revenue to the father, and what would have been the expense incurred by the father in maintaining the child up to that age. It may be, under that low and sordid figment of the common law which professes to give compensation to a parent for the mere pecuniary value of the lost services of a child destroyed by the fault of another, and which regards the destruction of the life of a child as it would that of a dumb brute, that the evidence should have been admitted when offered; but the error was cured by the withdrawal of its ruling, and its subsequent permission given for the introduction of this excluded evidence. May a court not be permitted to rectify an error made in the heat of a *nisi prius* trial? And may counsel refuse to accept at the hands of a trial court full reparation of an error committed, counting upon the chances of victory, by refusing to exercise a legal right once erroneously denied, but subsequently tendered him, and, failing of the victory, count on reversal for an error which he refused to have set right? To permit such practice would be to allow any experimentation by counsel with the trial court. Here there was opportunity given for the introduction of the once rejected evidence, and the opportunity was refused by the party now complaining of the original action of the court.

The third assignment of error brings under review the court's action in refusing a peremptory instruction for the railway company.

There was much evidence showing that the train was being run on and across frequented streets, in a densely populated part of the city, at a high rate of speed, and without due caution being used in keeping a lookout in turning a sharp curve on which the view was obstructed, and, on which account, danger was constantly to be apprehended. But the jury has found the fact of the negligence of the railway, and found it properly, in our opinion.

Was the nurse in charge of the child guilty of contributory negligence? The jury has answered this negatively, and properly, also, as we think. When the nurse started to cross the track she saw the smoke from the engine and knew that a train was approaching, but the train was several hundred feet away, and she had ample time in which to have prudently gone forward and to have safely crossed the track, even at the high rate of speed at which the train was being run. She failed to so cross, because, when she arrived just on the track, her course was arrested by the general alarm made that the "bear was loose," the flight of the crowd in every direction and the outcries directed to her. Terrified, stunned, incapable of action, the unhappy old nurse stood motionless, and was, herself, with the baby in her arms, only saved from death under the wheels by the prompt and heroic conduct of an obscure colored man, whose name is worthy to be embalmed with lasting honor, William Hulitt. This humble hero saved the nurse and the baby. He narrowly escaped with his life in a second effort to save the tender little child, whose soul rose heavenward that moment. He saved two. The third he could not save. He, therefore, was in no way responsible for the harrowing death of the little innocent, and the poor nurse was not guilty of contributory negligence.

We find no error in the court's action in giving and refusing

instructions.  We remark on one only.  The eighth refused instruction asked by the railway company on the facts disclosed, was properly refused.  While it is true, as an abstract proposition and in a general sense, that a railroad has the right to a clear track, yet this is true only when the railroad is operating its trains in conformity to law.  It has the right to a clear track when acting within the limits of its legal rights, but when acting in clear violation of law, it has no such right.

No complaint is made of the amount of the verdict, it being conceded by counsel that, if entitled to recover at all, the amount awarded is not excessive.

*Affirmed.*

*Nugent & McWillie,* for the appellant,

Filed a lengthy suggestion of error, again urging the view that the appellant was relieved of liability by the contributory negligence of the nurse.

*Suggestion of error overruled.*