CARLISLE *et al. v.* CITY OF LAUREL *et al.*

(Division A.　Dec. 2, 1929.　Suggestion of Error Overruled March 24, 1930.)

[124 So. 786.　No. 28168.]

W. S. Welch and Ellis B. Cooper, both of Laurel, for appellants.

Collins & Collins, of Laurel, for appellees.

414

**McGowen, J.**, delivered the opinion of the court .

Anderson, the appellee, brought suit in the county court of Jones county against Owens and Carlisle, policemen of the city of Laurel, for false imprisonment and unlawful assault and battery inflicted by the policemen upon him. The United States Fidelity & Guaranty Company, which was on the bond of Owens, was joined in this suit to the extent of the amount of the bond, two hundred and fifty dollars. The jury returned a verdict for five hundred and twenty-two dollars, and all parties defendant in the court below prosecuted an appeal to the circuit court, where the case was affirmed, from which finding an appeal was taken to this court.

The general issue was pleaded, in addition to other pleadings which it is unnecessary to detail, save in one particular. The United States Fidelity & Guaranty Company filed a plea to the effect that it had executed a bond for the policeman, Owens, and had paid two hundred dollars of this two hundred and fifty dollars principal amount of the bond that it had been forced to pay this on a judgment rendered against the policeman Owens and itself.

It is unnecessary to detail the facts. On December 22, 1928, on a Saturday night, in front of the Woolworth store in the city of Laurel, according to the plaintiff's testimony and that of his witnesses—and there were several—the Woolworth store and the street in front thereof

being crowded with Christmas shoppers, these two policemen approached Anderson, who was engaged in a private conversation with a friend, and while he was standing peaceably on the street, thus engaged, one of the policemen caught and held him, while the other struck him a terrific blow on the head with a policeman's club or "billie." They thrust him into jail, refusing to give him a chance to make bond, and kept him there until some time before day the next morning. This occurred about 7:30 o'clock Saturday evening.

On the other hand, the two policemen and their witnesses—and there were quite a number of these witnesses—testified that Anderson was drunk and cursing in a public place; that Carlisle caught him by the arm, telling him that he was under arrest, and that he "made fight" and struck the officer; their testimony being to the effect that Anderson was a "bad actor," and that some force was necessary to effect his arrest. The officers said they refused to discharge him because he was drunk. They did not claim to have a warrant for his arrest. On the other hand, the record shows that Anderson was arrested and beaten up at a time when no warrant had been issued for his arrest; the record showing that he made affidavit against him after confining him in the jail.

The verdict of the jury was for five hundred and twenty-two dollars. The judgment against the United States Fidelity & Guaranty Company was entered for the amount of the bond, two hundred and fifty dollars.

First, it is assigned as error that the court erred in sustaining the demurrer to the plea of the surety company that they had already paid out two hundred dollars by reason of a judgment against them on this bond for Owens. We deem it unnecessary for us to consider this assignment of error, because, in the progress of the trial, a witness was placed upon the stand who testified out of the hearing of the jury to all of the material facts set up in the plea; and, when the witness had finished delivering his testimony, counsel for the surety company asked that

the jury be brought back; and counsel for the appellee, plaintiff in the court below, then and there offered to withdraw any objection to this testimony, fully sustaining the facts of this plea, to which the court assented; and counsel for the surety company then declined to submit this testimony to the plea. This was, in terms, an offer to set aside the judgment; and, if the court had erred in sustaining the demurrer, to then and there correct it by permitting the evidence to go to the jury. The refusal to accept this offer was a complete waiver, of any error that might have been committed by the court in sustaining the demurrer. In the progress of a trial, if the court makes an error and offers to correct it, and tenders the injured party all the rights which he would have had but for the error, and he refuses same, having taken this chance in the court below, he cannot in this court avail of the error thus offered to be fully corrected at a time when no harm had been done, and no prejudice injected, so far as the jury was concerned. See A. & V. R. Co. v. Lowe, 73 Miss. 203, 19 So. 96.

Second, we do not think error may be predicated upon the action of the court in permitting Parker to testify to some expressions of opinion by witness McDaniels, offered by the appellee, showing his sympathy for the policeman in the contest. If error at all, it was immaterial and could not have influenced the jury.

Third, counsel complains of two instructions given by the court in favor of appellee, Anderson, wherein the court limited the defendants to reasonable force in self-defense, and did not tell the jury that the defendant officers had a right to use such force as was reasonably necessary in order to effect the arrest of Anderson. Whether right or wrong, as applied to the facts of this particular case, the defendants secured instructions which emphatically impressed this particular view upon the jury, and the instructions are to be taken as a whole, and not by piecemeal. So we think the appellants secured

from the court all to which they were entitled, and there is no reversible error on this point. It is unnecessary for us to cite authorities to this effect.

Fourth, it is insisted that the court erred in refusing an instruction which placed upon the plaintiff the burden of proof to show that he was not violating the law by being drunk and using profanity in a public place at the time of his arrest. The court correctly refused this instruction. We have fully considered this matter recently, in an opinion handed down by this court in the case of Harris v. Sims, 124 So. 325, decided October 21, 1929.

Fifth, counsel for appellants insists that the court erred in refusing to grant an instruction that, if the appellants had good reason to believe that appellee was committing a crime, then they were not liable. We think the court properly refused this instruction, because section 1265 of Hemingway's Code of 1927 (section 1447, Code of 1906) authorizes the arrest of a party without warrant for an indictable offense committed, or a breach of the peace threatened or attempted in the presence of the arresting officer. And in the next clause authorizes the arrest of a person for a felony, though not in his presence, where the felony has been committed and he has reasonable ground to suspect that the party he seeks to arrest is the one who committed it. In other words, an officer may without warrant arrest for a felony committed, upon reasonable ground for belief. But for a misdemeanor he is not authorized to arrest at all, unless an indictable offense is committed in his presence, or a breach of the peace is threatened or attempted. The statute speaks for itself. The distinction between a felony and a misdemeanor is made in the statute. It is better for the officers to obey the law as it is written, than for us to extend it without authority, where the statute is unequivocal and so plain as not to be misunderstood.

Sixth, it is insisted that the court erred in refusing the instruction to the jury that the judgment of ''guilty as charged'' was conclusive evidence that the officers had a

right to make the arrest. With reference to this instruction, we might say that the appellee Anderson was placed in jail on Saturday night, and some time Sunday morning he was released by his father, the latter placing ten dollars with some official of the city of Laurel. On Monday the appellee was tried in the city court in his absence, and without any effort to procure his presence, and was found guilty to the extent of ten dollars. That record was offered in evidence, but the judgment of the court, whether of conviction or acquittal, is not conclusive evidence of the right to arrest. Indeed it may be seriously questioned whether, in a civil action such as this, the judgment of a court in a criminal case is competent at all. At least, it is not conclusive. "The plea of guilty is not conclusive on the defendant in a civil action, and he may show that he is not, in fact, guilty of any offense." 15 R. C. L. 1003, section 479; also, Id. p. 1000, section 477.

Seventh, the court refused a peremptory instruction as to an item of three dollars specially allowed by the jury in its verdict. The appellee stated in the court below that he had three dollars in his pocket when he was arrested and confined in the jail, and that when he came out it was gone. He said he did not know whether the officers got it, or how it disappeared; he did not charge the officers personally with taking the money. We know of no theory upon which the court and jury were authorized to allow this item of damage, on this statement of the facts; and to that extent only we are of opinion that the judgment of the court below is erroneous.

The judgment of this court will modify and correct the judgment, so that the principal sum is allowed as found in the court below, less this three dollar item. But this shall not affect the judgment as to costs in this case.

Affirmed as modified.